**LESLIE A. FARBER, LLC**
33 Plymouth Street, Suite 204
Montclair, New Jersey 07042
Ph. (973) 509-8500
eMail: LFarber@LFarberLaw.com
Attorney for Defendant

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK |
| *Plaintiff,* | Civil Action No. 1:17-cv-09135-KBF |
| v. | **ANSWER and SEPARATE DEFENSES to AMENDED COMPLAINT and DEMAND FOR JURY TRIAL** |
| **MIKE SUCHANEK,** | |
| *Defendant.* | |

Defendant, MIKE SUCHANEK, by way of Answer to plaintiff's Amended Complaint, says:

### INTRODUCTION

1.      No factual allegations are alleged against this defendant in paragraph 1 of the Amended Complaint which consists solely of legal conclusions.  As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against this defendant, defendant is without sufficient information to form a belief as to the allegations contained in paragraph 1 of the Amended Complaint and leaves plaintiff to its proofs.

2.      Defendant Denies the allegations contained in paragraph 2 of the Amended Complaint.

3.      Defendant is without sufficient information to form a belief as to the allegations contained in paragraph 3 of the Amended Complaint and leaves plaintiff to its proofs.

## JURISDICTION & VENUE

4.      No factual allegations are alleged against this defendant in paragraph 4 of the Amended Complaint which consists solely of legal conclusions.  As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against this defendant, defendant is without sufficient information to form a belief as to the allegations contained in paragraph 4 of the Amended Complaint and leaves plaintiff to its proofs.

5.      Defendant Denies the allegations contained in paragraph 5 of the Amended Complaint as they pertain to any acts allegedly committed by defendant.

6.      No factual allegations are alleged against this defendant in paragraph 6 of the Amended Complaint.  As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against this defendant, defendant Admits that he resides in this District, but is without sufficient information to form a belief as to the remaining allegations contained in paragraph 6 of the Amended Complaint and leaves plaintiff to its proofs.

7.      Defendant Admits residing in this District, but is without sufficient information to form a belief as to the remaining allegations contained in paragraph 7 of the Amended Complaint and leaves plaintiff to its proofs.

## PARTIES

8.      Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 8 of the Amended Complaint and leaves plaintiff to its proofs.

9.      Defendant Admits the allegations contained in paragraph 9 of the Amended Complaint.

FACTUAL BACKGROUND

10.     No factual allegations are alleged against this defendant in paragraph 10 of the Amended Complaint.  As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

11.     No factual allegations are alleged against this defendant in paragraph 11 of the Amended Complaint.  As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

12.     No factual allegations are alleged against this defendant in paragraph 12 of the Amended Complaint.  As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

13.     No factual allegations are alleged against this defendant in paragraph 13 of the Amended Complaint.  As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

14.     No factual allegations are alleged against this defendant in paragraph 14 of the Amended Complaint.  As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

15.     No factual allegations are alleged against this defendant in paragraph 15 of the Amended Complaint.  As such, this defendant is not obligated to Admit or Deny the allegations in

this paragraph.  To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

16.     No factual allegations are alleged against this defendant in paragraph 16 of the Amended Complaint.  As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

17.     Defendant Denies the allegations contained in paragraph 17 of the Amended Complaint.

18.     Defendant Denies the allegations contained in paragraph 18 of the Amended Complaint.

19.     Defendant Denies the allegations contained in paragraph 19 of the Amended Complaint.

20.     Defendant Denies the allegations contained in paragraph 20 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 20 of the Amended Complaint and leaves plaintiff to its proofs.

21.     Defendant Denies the allegations contained in paragraph 21 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of Defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 21 of the Amended Complaint and leaves plaintiff to its proofs.

22.     No factual allegations are alleged against this defendant in paragraph 22 of the Amended Complaint.  As such, this defendant is not obligated to Admit or Deny the allegations in

this paragraph.  To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

23.     Defendant Denies the allegations contained in paragraph 23 of the Amended Complaint.

24.     Defendant Denies the allegations contained in paragraph 24 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of Defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 21 of the Amended Complaint and leaves plaintiff to its proofs.

25.     Defendant Denies the allegations contained in paragraph 25 of the Amended Complaint.

## MISCELLANEOUS

26.     No factual allegations are alleged against this defendant in paragraph 26 of the Amended Complaint which consists solely of legal conclusions.  As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against this defendant, defendant is without sufficient information to form a belief as to the allegations contained in paragraph 26 of the Amended Complaint and leaves plaintiff to its proofs.

27.     Defendant is without sufficient information to form a belief as to the allegations contained in paragraph 27 of the Amended Complaint and leaves plaintiff to its proofs.

## COUNT I

28.     Defendant Denies the allegations contained in paragraph 28 of the Amended Complaint to the extent they suggest any wrongful acts by defendant.

5

29.     Defendant Denies the allegations contained in paragraph 29 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 29 of the Amended Complaint and leaves plaintiff to its proofs.

30.     Defendant Denies the allegations contained in paragraph 30 of the Amended Complaint.

31.     Defendant Denies the allegations contained in paragraph 31 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 31 of the Amended Complaint and leaves plaintiff to its proofs.

32.     Defendant Denies the allegations contained in paragraph 32 of the Amended Complaint.

33.     Defendant Denies the allegations contained in paragraph 33 of the Amended Complaint.

WHEREFORE, plaintiff's Amended Complaint against defendant should be dismissed in its entirety with prejudice.

## SEPARATE DEFENSES

1.     Defendant owed no duty to plaintiff since there is a question whether plaintiff actually owns or has exclusive right to the copyrights to the works remains in question, and whether plaintiff intentionally seeded the "honey pot" (or the market) with its digital files with the purpose of generating litigation.

2.     Failure to State a Claim Upon Which Relief Can Be Granted. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted in that the applicable statute of

limitations has expired on plaintiff's works.  In addition, plaintiff's Amended Complaint fails to adequately state facts, rather than conclusions, establishing any relation between the alleged BitTorrent swarm(s) and the IP address plaintiff asserts is related to defendant.  As such, plaintiff's Amended Complaint fails to meet the pleadings standards established by *Bell Atlantic Corp. v. Twombly,* 550 *U.S.* 544 (2007), and *Ashcroft v. Iqbal,* 129 *S. Ct.* 1937 (2009).  Moreover, as plaintiff stated in its "Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference," Internet Service Providers may maintain its IP address logs "for weeks or months; others are stored very briefly before being purged." ECF No. 12 at 1 (citing Statement of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee on Judiciary Subcommittee on Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) (available at http://judiciary.house.gov/hearings/pdf/Weinstein_01252011.pdf.)  Plaintiff has no evidence showing that defendant was the accountholder for IP address 209.122.119.157 during the other alleged hits stated in Exhibit A annexed to the Amended Complaint.

3.      Any damage suffered by plaintiff was due to conduct of third parties or the co-defendants over whom this defendant had no control, which conduct intervened and superseded any conduct or negligence of this defendant.  Those other parties would be the actual person other than this defendant who downloaded and/or shared the works in question, as well as the other persons who participated in the alleged swarm plaintiff claims this defendant participated in.

4.      Laches.  Plaintiff's claim is barred by the doctrine of laches as plaintiff made no attempt to enjoin the file-sharing practices of which it complains.  Plaintiff's inaction or ineffectiveness in preventing the practices of the users of BitTorrent websites, has allowed members of the public to justifiably assume that any such file-sharing was a completely legal

practice.   Plaintiff alleges that the file-sharing activity of plaintiff's copyrighted material in defendant's household began in May 2016 and continued until September 2017.   However, plaintiff did not file its Complaint until November 2017.   Instead of acting in May 2016 to stop the downloads, plaintiff decided to passively watch the IP address plaintiff alleges belonged to defendant until the IP address downloaded a number of other works of plaintiff in order to seek higher statutory damages.   Had plaintiff acted sooner, it could have curbed the alleged infringing activity in May 2016 and could have deterred infringements.   Plaintiff's delay in pursuing this suit led to additional alleged infringements.   Plaintiff's delay and inaction was inexcusable and prejudicial to defendant and members of defendant's household

5.      Plaintiff's claim is barred by the doctrine of unclean hands since, upon information and belief, plaintiff or its affiliates IPP International intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

6.      Plaintiff's claim is barred by the doctrine of estoppel since, upon information and belief, plaintiff or its affiliates IPP International intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

7.      Failure to Mitigate Damages.   Any damages suffered by plaintiff as a result of circumstances pled in plaintiff's Amended Complaint were the direct result of plaintiff's failure to take reasonable action to prevent damages, and by such failure, plaintiff failed to mitigate any damages.   Plaintiff is aware that defendants they pursue typically download multiple works. However, plaintiff chose not to stop the infringement when it began, but decided instead to wait until there were more alleged downloads.   Plaintiff alleges in this case that downloads of its materials began in May 2016.   At that time, plaintiff could have taken steps to prevent future downloads, including, but not limited to, sending a DMCA notice through defendant's Internet

Service Provider or filing its lawsuit more timely.  Instead, plaintiff chose to do nothing and watch

and allow another twelve alleged downloads to occur.  As a result, plaintiff caused itself greater

damage, through its inaction and inexcusable delay

8.    Failure to Join An Indispensable Party.  Plaintiff has failed to join parties without

whom the action cannot proceed and this defendant reserves the right to move to dismiss due to

plaintiff's failure to join indispensable parties.  Those other parties would be the actual person

other than this defendant who downloaded and/or shared the works in question, as well as the other

persons who participated in the alleged swarm plaintiff claims this defendant participated in.

9.    The contents of plaintiff's works are in the public domain since, upon information

and belief, plaintiff or its affiliates IPP International intentionally seeded the "pot" or "honey pot"

(or the market) with its digital files with the purpose of generating litigation.

10.    The copyrights to plaintiff's works were not properly registered.

11.    Any copying or use of any of plaintiff's works by defendant was de minimis.

12.    Any copying or use of any of plaintiff's works by defendant was fair use since,

upon information and belief, plaintiff or its affiliates IPP International intentionally seeded the

"pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

13.    Plaintiff has forfeited its rights in the works alleged in the Amended Complaint

since, upon information and belief, plaintiff or its affiliates IPP International intentionally seeded

the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating

litigation.

14.    Plaintiff has misused its rights of the works alleged in the Amended Complaint

since, upon information and belief, plaintiff or its affiliates IPP International intentionally seeded

the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

15.     Plaintiff has abandoned the copyrights of the works alleged in the Amended Complaint since, upon information and belief, plaintiff or its affiliates IPP International intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

16.     On information and belief, plaintiff has received thousands of dollars in settlements from Doe defendants in similar cases for alleged copyright infringement in their participation in the BitTorrent swarm(s) in which plaintiff alleges defendant participated.  As a result, defendant is entitled to a set-off of all monies collected by plaintiff for the same works and alleged BitTorrent swarm(s) plaintiff alleges this defendant was a participant in which plaintiff has settled, or will settle in the future with other individuals.

LESLIE A. FARBER, LLC
Attorneys for Defendant

By:     /s/ Leslie A. Farber
Dated  March 22, 2018                Leslie A. Farber

JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable herein.

LESLIE A. FARBER, LLC
Attorneys for Defendant

By:     /s/ Leslie A. Farber
Dated  March 22, 2018                Leslie A. Farber

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that on March 22, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and that service upon all parties who have appeared in the matter and upon all counsel of record has been perfected.

/s/ Leslie A. Farber

Dated  March 22, 2018                    Leslie A. Farber